UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHARLOTTE FREEMAN**                    CIVIL CASE NO.: 2:22-cv-5546

**VERSUS**

**OCEAN HARBOR CASUALTY**                SECTION: B(2)
**INSURANCE COMPANY**

**FIRST AMENDED COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES**

NOW INTO COURT through undersigned counsel comes **CHARLOTTE FREEMAN** ("Plaintiff"), who respectfully represents:

1.

Made Defendant herein:

**OCEAN HARBOR CASUALTY INSURANCE COMPANY** ("Ocean Harbor"), a foreign insurance corporation authorized to do and doing business in the State of Louisiana that can be served through its agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

**AMERICAN VETERANS RESTORATION LLC** ("AVR"), a foreign corporation authorized to do and doing business in the State of Louisiana that can be served through its agent for service of process, Paracorp Incorporated 3867 Plaza Tower, 1st floor, Baton Rouge, LA 70816

**JURISDICTIONAL ALLEGATIONS**

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

The Plaintiff is a citizen of the State of Louisiana. On information and belief, Ocean Harbor is a corporation both incorporated, and with its principal place of business in the State of

Pennsylvania. AVR is a corporation both incorporated and with its principal place of business in the state of Tennessee. Complete diversity between the parties exists.

4.

The amount in controversy exceeds $75,000.00.

5.

Ocean Harbor issued the policy of insurance upon which this suit is based to the Plaintiff, insuring her property located at 404 Forest Boulevard. Houma, Louisiana 70360. This Court has personal jurisdiction over Ocean Harbor.

## **CAUSES OF ACTION AGAINST OCEAN HARBOR**

6.

Ocean Harbor insured the Plaintiff under Policy No. HOC0094833-05, which was in full force and effect on August 29, 2021.

7.

The Plaintiff's home suffered extensive damage and diminution in value as a result of Hurricane Ida on August 29, 2021.

8.

On or about November 9, 2021, Ocean Harbor adjusted the loss and determined that the total damage to the home from Hurricane Ida to be $18,382.00, after Plaintiff's deductible and recoverable depreciation. This estimate did not, however, account for the total damage to the Plaintiff's insured property and contained the wrong coverage amounts and the wrong deductible in accordance with the terms of her policy.

9.

Ocean Harbor's adjustments of Plaintiff's claims are unreasonably low, unrealistic, and gave Plaintiff no opportunity to conduct the needed repairs caused by the storm.

10.

Plaintiff provided Ocean Harbor via email with estimates from GLS & Associates, an independent adjuster, to repair the damages to her home from Ida in the total amount of $314,668.18. Ocean Harbor received Plaintiff's estimates on or about July 29, 2022, but has made no offer to settle Plaintiff's claim. Defendant scheduled the EUO of Plaintiff, but has re-scheduled multiple times in an attempt to delay this matter. Plaintiff asserts that she cannot wait any longer to file suit due to Ocean Harbor's delay. The most recent EUO was scheduled for December 16, 2022, which was cancelled by Ocean Harbor one hour before it was scheduled to begin. Ocean Harbor is now attempting to wait another two and a half months to re-schedule the EUO.

11.

Ocean Harbor had satisfactory proof of loss upon its initial inspections of the premises, yet it unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storm. Meanwhile, Plaintiff awaits sufficient funds from Ocean Harbor to repair her home to its pre-storm condition. Her home continues to deteriorate each and every day, while the costs of labor and materials have increased sharply.

12.

La. R.S. 22:1892 obligates an insurer to make a written offer to settle a property damage claim "within 30 days after receipt of satisfactory proof of loss of that claim." In addition, La. R.S. 22:1973 states that "failing to pay an insured's claim within sixty (60) days after receipt of satisfactory proof of loss constitutes a breach of the insurer's duty of good faith and fair dealing,

when the failure is arbitrary, capricious, or without probable cause." Ocean Harbor has violated both of these statutory obligations and duties in its dealings with the Plaintiffs.

13.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured. An insurer like Ocean Harbor is prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." Ocean Harbor has misrepresented pertinent facts and insurance policy provisions in its dealings with the Plaintiff by representing that the original estimate was a fair estimate of the damages and by withholding an accurate and defensible accounting of the full extent of the Plaintiff's damages. Ocean Harbor had satisfactory proof of loss upon its initial inspections of the premises, yet unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storm.

14.

Ocean Harbor has failed to make a written offer to settle the full extent of the Plaintiff's property damage claim within thirty (30) days after receipt of satisfactory proof of loss of the claim, thus making Ocean Harbor liable to the Plaintiff for penalties, attorney's fees and costs under La. R.S. 22:1892.

15.

Ocean Harbor's failure to fairly and promptly adjust the full extent of the Plaintiff's claim has caused her to suffer contractual and extra-contractual damages including, but not limited to, the additional time delays, additional deterioration to their home that has occurred while waiting for Ocean Harbor to fairly pay her insurance claims, along with the grief, mental anguish, and worry over the uncertainty of whether she would have the funds necessary to repair her hurricane-

damaged home to its pre-storm condition. As a result of those and other associated damages caused by Ocean Harbor's dilatory tactics and delays, the Plaintiff is also owed their attorney's fees and costs.

16.

Ocean Harbor knew or should have known that its failure to timely pay the Plaintiff's insurance claims prevented her from repairing their home, and it should have known that its failure to pay the Plaintiff's claims would cause her grief, mental anguish, and worry.

17.

OCEAN HARBOR was provided with the estimates and invoices for the costs of mitigation directly by AVR. However, OCEAN HARBOR has arbitrarily refused to pay the invoice, which failure has caused CHARLOTTE FREEMAN to be sued by AVR.

18.

Accordingly, OCEAN HARBOR is liable unto CHARLOTTE FREEMAN for any indemnity and all amounts that she could or would be found liable unto AVR, including any amounts of an award of damages, interest, penalties, late fees, attorney fees and all other costs of litigation. OCEAN HARBOR is also liable unto CHARLOTTE FREEMAN for all costs of a legal defense of this lawsuit, including all reasonable attorney fees, litigation costs and court costs.

19.

OCEAN HARBOR had satisfactory proof of loss upon its initial and subsequent inspections of the premises and upon presentation of the invoices from AVR, yet it unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storms. Meanwhile, Plaintiffs await sufficient funds from OCEAN HARBOR to pay AVR for its services as well as to repair her home.

## CAUSES OF ACTION AGAINST AVR

20.

AVR is liable to CHARLOTTE FREEMAN for monetary damages plus attorney fees and other expenses and court costs.

21.

CHARLOTTE FREEMAN and AVR reached an agreement wherein AVR was supposed to conduct water mitigation services for damage caused by Hurricane Ida on the subject property and home in exchange for a reasonable price and sum to be paid by insurance proceeds.

22.

No estimate was ever given by AVR to CHARLOTTE FREEMAN prior to the execution of any written contract.

23.

Further, AVR wrongfully induced CHARLOTTE FREEMAN into the execution of the agreement by promising her that her insurance company would be the one to pay any fees associated with the mitigation damage services. AVR produced a vague and ambiguous contract to CHARLOTTE FREEMAN at a time of great stress as all of Terrebonne Parish was under a state of emergency due to the devastation of Hurricane Ida. The contract did not contain any estimate or rate sheet capable of determining a fair and reasonable price to conduct the necessary services offered by AVR. Accordingly, CHARLOTTE FREEMAN's consent to the contract is vitiated as it was induced by fraud and it was impossible to determine a fair consideration.

24.

AVR also billed CHARLOTTE FREEMAN and her insurance company for an extreme and excessive amount for the subpar services it allegedly performed on the subject property. The

number of charges clearly exceed all reasonable and expected expenses for comparable services and is effectively price gouging during a state of emergency.

25.

Accordingly, AVR is in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, et seq., and is therefore liable for any and all damages, including attorney fees and other penalties as allowed by law.

26.

Further, and most importantly AVR did subpar work that caused great damage to the home. The damage caused by AVR was so great that the insurance company has paid almost no money on Ms. Freeman's claim as they stated they cannot determine what damage was caused by the hurricane and what damage was caused by AVR. Accordingly, AVR is responsible for any and all damages sustained by CHARLOTTE FREEMAN as a direct result of AVR's failure to complete its obligations.

27.

WHEREFORE, CHARLOTTE FREEMAN prays that there be judgment in her favor against OCEAN HARBOR CASUALTY INSURANCE COMPANY and AVR as follows:

(1) Finding Ocean Harbor liable to the Plaintiff for statutory penalties, contractual and extra-contractual damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding her the same;

(2) Awarding the Plaintiff general damages caused by Ocean Harbor's breach of its duty of good faith and fair dealing;

(3) For specific damages and general damages including, but not limited to, diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid;

(4) Finding AVR liable to Plaintiff for damages, attorney fees and costs;

(5) For any and all other relief that is justified under law and equity; and

(6) For trial by jury.

Respectfully Submitted By:  
DEJEAN LAW OFFICE, LLC

/s/ Felix A. DeJean IV_____  
Felix "Andy" DeJean IV (#25028)  
604 St Ferdinand St.  
Baton Rouge, LA 70802  
(225) 344-2639 – Telephone  
(225) 346-5252 – Facsimile  
andy@dejeanlaw.com  
*Attorney for Charlotte Freeman*

Respectfully Submitted By:  
NOLAND LAW OFFICE, LLC

/s/ Erik R. Noland_____  
Erik R. Noland (#37245)  
533 Europe Street  
Baton Rouge, LA 70802  
(225) 719-1950 - Telephone  
erik@nolandlawoffice.com  
*Attorney for Charlotte Freeman*

Respectfully Submitted:  
CANNON LAW OFFICE, LLC

/s/ Sherry C. Cannon_____  
SHERRY C. CANNON (#33759)  
2929 Fairway Dr.  
Baton Rouge, LA 70809  
225-335-4580  
scannonlaw@aol.com  
*Attorney for Charlotte Freeman*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of January, 2024, a copy of the foregoing pleading has been served on all parties or their attorneys via the Court's CM/ECF system.

/s/ Erik R. Noland

Erik R. Noland

PLEASE SERVE:

American Veterans Restoration, LLC
Through its agent for service of process:
Paracorp Incorporated
3867 Plaza Tower, 1st floor
Baton Rouge, LA 70816