**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHARLOTTE FREEMAN**            **CIVIL CASE NO.: 2:22-CV-5546**

**VERSUS**

**OCEAN HARBOR CASUALTY**         **SECTION: B(2)**
**INSURANCE COMPANY**

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT;**

Plaintiff, Charlotte Freeman, hereby files the present Motion requesting that she be allowed leave of Court to amend her original Complaint filed in this matter on December 29, 2022.

Rule 15 provides in pertinent part that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Charlotte Freeman asserts that initial disclosures along with an unsuccessful mediation have shown that there is another party who could be at fault for damages to Charlotte Freeman's home, as well as a new cause of action that did not exist at the time the original complaint was filed  This amendment is necessary to add a new defendant to the matter and set forth items of damage, and causes of action that have become exigible since the date of filing the original complaint, both against the new defendant, and against Ocean Harbor.

Counsel for Ocean Harbor has refused to give written consent and objects to the filing of this amended complaint necessitating the filing of this motion. However, Defendant has given no reason or cause for their objection.

Plaintiff alleges that this amended complaint if being filed timely, as the scheduling order currently in effect (doc. 14) mandates that all amended complaints must be filed by January 12, 2024. As such, this amended complaint was filed timely, and Defendants have no reasonable basis for an objection.

Plaintiff alleges that this amendment is necessary to add new causes of action against Ocean Harbor that have been uncovered, as well as against a new Defendant, American Veteran's Restoration (AVR). As described in the amended complaint, Ocean Harbor was provided with the estimates and invoices for the costs of mitigation directly by AVR. However, Ocean Harbor arbitrarily refused to pay the invoice, which failure has caused Plaintiff to be sued by AVR. This is a new cause of action that was unknown at the time the original complaint was filed.

Additionally, Plaintiffs allege the amendment is necessary to add a new defendant. Namely, AVR. AVR is an indispensable party as they have damaged Charlotte Freeman's home. It is Ocean Harbor's contention that they cannot tell what damage to Plaintiff's home was caused by Ida, and what damage was caused by AVR.

AVR wrongfully induced Charlotte Freeman into the execution of an agreement by promising her that her insurance company would be the one to pay any fees associated with the mitigation damage services. AVR produced a vague and ambiguous contract to Plaintiff at a time of great stress as all of Terrebonne Parish was under a state of emergency due to the devastation of Hurricane Ida. The contract did not contain any estimate or rate sheet capable of determining a fair and reasonable price to conduct the necessary services offered by AVR.

AVR also billed CHARLOTTE FREEMAN and her insurance company for an extreme and excessive amount for the subpar services it allegedly performed on the subject property. The number of charges clearly exceed all reasonable and expected expenses for comparable services

and is effectively price gouging during a state of emergency. Accordingly, AVR is in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. R.S. 51:1401, et seq.

As previously stated, the law states that the Court should freely give leave to amend when justice so requires. Plaintiff alleges that justice requires that she be allowed to amend her original complaint. Should she not be allowed to amend, she would lose crucial causes of action that were unknown to her at the time of the original filing, as well as leave out an indispensable party who may have liability in this matter. Plaintiffs allege that this entire motion and memorandum is only due to the fact that Defendant did not grant the courtesy of giving written consent, and objected to the amendment without cause or reason. In fact, when asked specifically what Ocean Harbor's objection to the amendment was, they have not responded.

As such, Plaintiff prays that her Motion for Leave of Court be granted and she be allowed to amend her original complaint filed in this matter.

| | |
|---|---|
| Respectfully Submitted By:<br>DEJEAN LAW OFFICE, LLC | Respectfully Submitted By:<br>NOLAND LAW OFFICE, LLC |
| /s/ Felix A. DeJean IV_____<br>Felix "Andy" DeJean IV (#25028)<br>604 St Ferdinand St.<br>Baton Rouge, LA 70802<br>(225) 344-2639 – Telephone<br>(225) 346-5252 – Facsimile<br>andy@dejeanlaw.com<br>*Attorney for Charlotte Freeman* | /s/ Erik R. Noland_____<br>Erik R. Noland (#37245)<br>533 Europe Street<br>Baton Rouge, LA 70802<br>(225) 719-1950 - Telephone<br>erik@nolandlawoffice.com<br>*Attorney for Charlotte Freeman* |

Respectfully Submitted:
CANNON LAW OFFICE, LLC


/s/ Sherry C. Cannon
SHERRY C. CANNON (#33759)
2929 Fairway Dr.
Baton Rouge, LA 70809
225-335-4580
scannonlaw@aol.com
*Attorney for Charlotte Freeman*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2024, a copy of the foregoing pleading has been served on all parties or their attorneys via the Court's CM/ECF system.

/s/ Erik R. Noland

Erik R. Noland


PLEASE SERVE:

American Veterans Restoration, LLC
Through its agent for service of process:
Paracorp Incorporated
3867 Plaza Tower, 1st floor
Baton Rouge, LA 70816