UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLOTTE FREEMAN | * | CIVIL ACTION |
| VERSUS | * | NO. 22-5546 |
| OCEAN HARBOR CASUALTY INSURANCE COMPANY | * | SECTION "B" (2) |

**ORDER AND REASONS**

Before me is Plaintiff Charlotte Freeman's Motion for Leave to File Amended Complaint. ECF No. 16. This motion was scheduled for submission on January 31, 2024. As of this date, no party has filed an Opposition Memorandum, and the deadline for filing same expired on Tuesday, January 23, 2024. *See* E.D. La. L.R. 7.5.

Having considered the record, the argument of counsel, the lack of opposition, and the applicable law, the Motion is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART for the reasons that follow.

I. **BACKGROUND**

Plaintiff Charlotte Freeman filed this Hurricane Ida suit on December 29, 2022 against Defendant Ocean Harbor Casualty Insurance Company in accordance with 28 U.S.C. § 1332 alleging breach of the duty of good faith and fair dealing and seeking contractual and extra-contractual damages. ECF No. 1. Pursuant to the Court's Case Management Order governing Hurricane Ida claims, as amended, the case was returned to the court's docket on November 28, 2023. Plaintiff now seeks to amend her Complaint to add a new defendant, American Veterans Restoration, LLC ("AVR"), and to allege additional claims against Defendant Ocean Harbor Casualty Insurance Company. ECF No. 16-3 at 2.

1

## II.   APPLICABLE LAW AND ANALYSIS

### A.   Diversity Jurisdiction

Under 28 U.S.C. § 1332, district courts have original jurisdiction of civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.  Generally, controversies between different parties, even though joinable in the same action, cannot be aggregated for jurisdictional purposes.[1]  Thus, where a plaintiff sues multiple defendants on causes of action against each of them separately, the amount involved in each separable controversy controls, and there is no jurisdiction as to those involving less than the jurisdictional amount.[2]

Diversity jurisdiction over claims against new parties in an amended complaint is determined at the time of amendment.[3]  The party invoking diversity jurisdiction must establish the amount-in-controversy by a preponderance of the evidence.[4]

### B.   Rule 15 Standard

Plaintiff timely sought leave to amend before expiration of the Scheduling Order's deadline.[5]  *See* ECF No. 14 (setting January 12, 2024 as deadline for amendments).  Thus, her

---

[1] *Grosjean v. American Press Co*., 297 U.S. 233 (1936); *Wheless v. City of St. Louis*, 180 U.S. 379 (1901); *Griffith v. Enochs*, 43 F. Supp. 352 (W.D. La. 1942).

[2] *Jewell v. Grain Dealers Mut. Ins. Co.,* 290 F.2d 11 (5th Cir. 1961) (where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, not their aggregate) (citing cases); *Lathem v. State Farm Mut. Auto. Ins. Co.,* 339 F. Supp. 2d 767, 771 (S.D. Miss. 2004) (quoting *Jewell*, 290 F.2d at 13) (finding that joint liability did not exist between primary insurer and an excess insurer and therefore, claims against them could not be joined for determining jurisdiction).

[3] 13E CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 3608 (3d ed. 2023) (citing *China Basin Properties, Ltd. v. Allendale Mut. Ins. Co*., 818 F. Supp. 1301 (N.D. Cal. 1992) (diversity jurisdiction over claims against new parties in amended complaint is determined as of time of amendment)).

[4] *See Allstate Fire & Cas. Ins. Co. v. Love,* 71 F.4th 348, 351-2 (5th Cir. 2023) (citing *St. Paul Reins. Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[5] Plaintiff filed her Motion to Amend on January 11, 2024, which motion was marked deficient. ECF No. 15.  The record reflects that Plaintiff received a deficiency notice on Friday, January 12, 2024 and cured the deficiency on Monday, January 15, 2024.  ECF No. 16.  As Plaintiff's proposed Amended Complaint was filed into the record before the deadline, the court considers the motion timely.  *See* ECF No. 15-2.

request for leave to amend is governed by FED. R. CIV. P. 15(a) rather than the more stringent good cause requirements of FED. R. CIV. P. 16(b).[6]

Under Rule 15(a), a party may amend its pleading with the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires.  FED. R. CIV. P. 15(a)(2).  The Rule 15(a) inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present his claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[7]  Although leave to amend is not automatic,[8] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[9]

The five relevant considerations for examination by the court in determining whether to grant leave to amend a complaint are: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[10]  Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b) motion.[11]  The court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff,

---

[6] *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) (Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and allows modification "only for good cause and with the judge's consent;" the more liberal standard of Rule 15(a) applies to the court's decision to grant or deny leave only after the movant demonstrates good cause to modify the scheduling order) (citing FED. R. CIV. P. 16(b)).

[7] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted).

[8] *Avatar Expl., Inc. v. Chevron USA, Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).

[9] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).

[10] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

[11] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n,*  751 F.3d 368, 378 (5th Cir. 2014) (citing *Stripling*, 234 F.3d at 873).

but the Court should not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'"[12]

In her motion, Plaintiff represents that Defendant "refused to give written consent and objects to the filing" of the Amended Complaint.  *See* ECF No 16 ¶ 3.  Defendant has, however, failed to file an Opposition Memorandum.  Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[13]

**C.  Analysis**

**1.  Amendment as to Defendant Ocean Harbor Casualty Insurance Company**

Plaintiff seeks amendment to allege additional claims against Defendant Ocean Harbor Casualty Insurance Company  regarding its purportedly arbitrary refusal to pay invoices provided by AVR for the services performed at Plaintiff's property.  *See* ECF No. 16-1 ¶¶ 17-19; ECF No. 16-3 at 2.

Applying the *Foman* factors, this Court cannot  find substantial reason to deny Plaintiff's request to amend and assert additional claims against Ocean Harbor.  The new claims are not the result of undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies by previous amendments, nor is there any evidence that same will cause undue prejudice to the opposing party or that the new claims are futile.  While Ocean Harbor may have "refused to give written consent and objects" to the filing of the plaintiff's amended complaint, it failed to file any opposition memoranda identifying the reason for its objections or evidence counseling against amendment.

---

[12] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (same); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (1955) (The "obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).
[13] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

### 2. Amendment to Add New Party

Plaintiff also seeks to add American Veterans Restoration, LLC ("AVR") as a defendant. ECF No. 16-3 at 2. Plaintiff asserts that Defendants' initial disclosures and the parties' unsuccessful mediation have revealed that AVR, a company hired by Plaintiff to perform water mitigation services for damages caused by Hurricane Ida, fraudulently induced Plaintiff to execute a service agreement by promising that her insurance company would be the party responsible for payment of fees associated with the mitigation services. *Id.* at 1; ECF No. 16-1 ¶¶ 20-24. Plaintiff further asserts that AVR billed her and Ocean Harbor an "extreme and excessive amount for the subpar services it allegedly performed" in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law. *Id.* ¶¶ 24-26.

The first four *Foman* factors militate in favor of granting leave to amend for the purpose of adding AVR as a defendant—the claims are not the result of undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies by previous amendments, nor is there any evidence that same will cause undue prejudice to the opposing party.

The court must also assess whether the amended complaint would survive a Rule 12(b) motion.[14] A review of Plaintiff's proposed pleading reflects her failure to plead sufficiently this Court's subject matter jurisdiction over her claims against AVR. While Plaintiff purports to invoke diversity jurisdiction under § 1332 and alleges that AVR is a corporation both incorporated and with its principal place of business in the state of Tennessee, she fails to adequately plead the amount in controversy against AVR, instead simply alleging that "[t]he amount in controversy exceeds $75,000.00." ECF No. 16-1 ¶¶ 3-4. This vague and conclusory allegation does not satisfy

---

[14] *Marucci Sports,* 751 F.3d at 378 (citing *Stripling*, 234 F.3d at 873).

the plaintiff's burden to demonstrate the requisite amount in controversy for purposes of invoking diversity jurisdiction.[15]

The allegation likewise fails to distinguish between the amount in controversy between Plaintiff and Ocean Harbor and that at issue between Plaintiff and AVR.  Nor does the proposed Amended Complaint allege, nor the record reflect, that Ocean Harbor and AVR are jointly liable for Plaintiff's damages such that aggregation of the controversies is appropriate.[16]  Without a clear, supportable assertion of more than $75,000.00 in controversy between the plaintiff and AVR, the court has no basis to exercise its subject matter jurisdiction over the new defendant.[17]  Accordingly, Plaintiff's motion must be denied without prejudice to Plaintiff's right to seek amendment setting forth sufficient factual allegations necessary to establish the amount in controversy necessary to support the court's exercise of jurisdiction.

## III.    CONCLUSION

Plaintiff's conclusory allegations fail to meet her burden to show the requisite amount in controversy for purposes of invoking diversity jurisdiction over her claims against AVR, rendering these claims futile as drafted.  Upon consideration of the *Foman* factors, however, there is no substantial reason to deny Plaintiff's request to bring additional claims against Ocean Harbor. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 16) is Motion is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.

---

[15] *See Wiley v. Dep't of Energy, et al.* No. 21-933, 2021 WL 4460529, at  *4 (E.D. La. Sept. 29, 2021) (determining that plaintiff failed to establish subject matter jurisdiction under § 1332 where she supplied no factual support for her bare, conclusory assertion of damages above the jurisdictional amount) (citing *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1325, 1336 (5th Cir. 1995)).

[16] *See Jewell*, 290 F.2d at 13.

[17] *See Howell v. Overton*, No. 21-2277, 2021 WL 5865380, at *1 (E.D. La. Dec. 10, 2021) (Lemelle, J.) (requiring *pro se* plaintiffs to submit a written response with factual support and clarification of their contention that damages exceed the $75,000 threshold for diversity jurisdiction where complaint alleged only conclusory allegations that the amount in controversy exceeded the jurisdictional threshold).

IT IS FURTHER ORDERED that, within seven (7) days of this Order, Plaintiff file into the record an Amended Complaint containing her additional claims against Defendant Ocean Harbor and omitting all claims against AVR.

New Orleans, Louisiana, this 31st day of January, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE