## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLOTTE FREEMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5546** |
| **OCEAN HARBOR CASUALTY INSURANCE COMPANY** | **SECTION "B"(3)** |

## ORDER AND REASONS

Considering plaintiff Charlotte Freeman's ex parte motion for leave to file second amended complaint (Rec. Doc. 42),

**IT IS HEREBY ORDERED** that the motion is **GRANTED**, in accordance with this Order. Plaintiff shall file her third amended complaint[1] into the record **no later than May 23, 2024**. The allegations of the third amended complaint shall mirror plaintiff's attachment to the instant motion (Rec. Doc. 42-3), with the exception of paragraph 10, which should be restored to the text of plaintiff's second amended complaint (Rec. Doc. 20).

**IT IS FURTHER ORDERED** that, in consideration of this Order, defendant Ocean Harbor Casualty Insurance Company's motion for partial summary judgment (Rec. Doc. 35) is **DENIED WITHOUT PREJUDICE**. Defendant may re-urge its contentions when appropriate.

**IT IS FURTHER ORDERED** that, in consideration of this Order, dates in this Court's Scheduling Order (Rec. Doc. 14) are **TERMINATED**. Pending the appearance of all parties, a scheduling conference notice will be issued, with deadlines established "to secure the just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

---

[1] Magistrate Judge Currault previously permitted plaintiff to file an amended complaint. Rec. Doc. 19. Plaintiff so filed but mistitled the filing as its "Second Amended Complaint." *See* Rec. Doc. 20. For clarification purposes, therefore, the amended complaint permitted by this Order will be plaintiff's "Third Amended Complaint."

Claiming under-compensated property damage from Hurricane Ida, plaintiff Charlotte Freeman brings this action against her insurer, defendant Ocean Harbor Casualty Insurance Company, pursuant to federal diversity jurisdiction of 28 U.S.C. § 1332. After Ocean Harbor's initial coverage determination of $18,382.00, Freeman contracted an independent adjuster, who monetized the damage at $314,668.18. Rec. Doc. 20 at 2–3 ¶¶ 8, 10 (second amended complaint). According to Freeman, "Ocean Harbor received Plaintiff's estimates on or about July 29, 2022, but has made no offer to settle Plaintiff's claim." *Id.* at 3 ¶ 10. Thus, Freeman alleges breach of insurance contract and violations of the duties of good faith and fair dealing against Ocean Harbor. *Id.* at 3–4 ¶¶ 12–15.

With leave of the court, Freeman amended her complaint to add allegations related to her relationship with American Veteran's Restoration ("AVR"), which performed mitigation work on her property. *See id.* at 5 ¶¶ 17–19. Due to the allegedly satisfactory proof Ocean Harbor received from AVR, Freeman contends Ocean Harbor is liable "for any indemnity and all amounts that she could or would be found liable unto AVR, including any amounts of an award of damages, interest, penalties, late fees, attorney fees and all other costs of litigation." *Id.* at 5 ¶ 18. According to Freeman, Ocean Harbor "unreasonably withheld an accurate and defensible accounting of the full extent of the damages caused by the storms." *Id.* at 5 ¶ 19.

The instant motion seeks to bring AVR into the suit as a named defendant. *See* Rec. Doc. 42. Magistrate Judge Currault previously denied without prejudice such a request, finding the amount in controversy "vague and conclusory," both failing to establish the jurisdictional amount in controversy as to AVR and to distinguish that amount from claims made against Ocean Harbor. *Id.* at 6–7. However, Judge Currault determined that otherwise such an amendment was proper pursuant to Federal Rule of Civil Procedure 15. *Id.* at 3–6.

Indeed, Federal Rule of Civil Procedure 15 governs amendment of a complaint. The Fifth Circuit has supplied five factors through which to analyze complaint amendment: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir. 2003) (itself citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). It was the fifth, "futility" factor that was implicated in Judge Currault's jurisdictional amount analysis. Otherwise, the addition of AVR would have been acceptable: "The first four *Foman* factors militate in favor of granting leave to amend for the purpose of adding AVR as a defendant—the claims are not the result of undue delay, bad faith or dilatory motive, or repeated failure to cure deficiencies by previous amendments, nor is there any evidence that same will cause undue prejudice to the opposing party." Rec. Doc. 19 at 5. We adopt Judge Currault's Rule 15 analysis.

Although we accept Judge Currault's analysis, this Court cannot simply reevaluate the re-urged claim of a properly pled jurisdictional amount. The procedural posture of this case has changed. Specifically, an amendment to the complaint is now untimely. *See* Rec. Doc. 14 at 1 (setting a deadline for such amendment as January 12, 2024). Before moving to Rule 15 consideration, plaintiff must show, pursuant to Federal Rule of Civil Procedure 16(b), that good cause exists to modify an expired scheduling order deadline. *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").

A Rule 16(b) argument is absent from plaintiff's instant motion and memorandum in support. Previously, however, the Court considered parties' motion for a continuance, grounded

3


on a forecasted motion for leave to add AVR as a defendant. *See* Rec. Doc. 36. Therein, we explained the good cause standard:

> This measure is evaluated through four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (citation omitted, quotation cleaned up).

*Id.* at 2–3. Although not discussing the Rule 16(b) hurdle, plaintiff does minimally present good cause reasons in its instant filing.

First, plaintiff did previously—and timely—seek amendment. *See* Rec. Doc. 16. In denying plaintiff's addition of AVR, Judge Currault's Order and Reasons anticipated a subsequent amendment request: "Plaintiff's motion must be denied without prejudice to Plaintiff's right to seek amendment setting forth sufficient factual allegations necessary to establish the amount in controversy necessary to support the court's exercise of jurisdiction." Rec. Doc. 19 at 6.

Second, AVR appears necessary to this litigation. Plaintiff alleges that after being contracted to perform remediation services on her home, AVR both exceeded the terms of their contract and caused property damage. *See* Rec. Doc. 42-3 at 6–7. As she states in her proposed pleading, "Charlotte Freeman's floors have a tar underlayment under the floor as a moisture barrier. In removing the floor, AVR failed to do anything to prevent the tar from being tracked all around the house. Thus, AVR damaged both Charlotte Freeman's personal property and the interior of the home." *Id.* at 7 ¶ 26. Because of AVR's actions, Freeman and Ocean Harbor have struggled to assess the insurer's liability. *See* Rec. Doc. 42-2 at 2 ("It is Ocean Harbor's contention that they cannot tell what damage to Plaintiff's home was caused by Hurricane Ida, and what damage was caused by AVR."). Thus, the modification appears relevant at the moment.

Third, any prejudice possibly created for AVR is outweighed by utility of having all pertinent parties in a common litigation. Although conceptually distinct, the alleged damages from Hurricane Ida and from AVR's remediation are practically bound up together and relate to a common occurrence. AVR's presence will aid in the assessment of possible liability for both defendants. In our previous Order and Reasons, we expressed concern over state court litigation filed by AVR against Freeman and Ocean Harbor after the commencement of this federal suit. *See* Rec. Doc. 36 at 3. Plaintiff asserts that the state suit has not advanced toward a resolution:

> To date, no discovery has been conducted by any party, no scheduling order is set, and no depositions have been taken. Ocean Harbor had filed an exception of no cause of action against AVR, but it was continued without date.

Rec. Doc. 42-2 at 3. Accordingly, prejudice offers no bar to modification.

Finally, and weighing against a good-cause alteration of the scheduling deadline, a grant of the instant motion will require a continuance. Nevertheless, this slight litigation delay appears to further resolution of the action as a whole. As such, good cause exists, pursuant to Rule 16(b), to modify an expired scheduling order deadline.

With good cause established, the remaining *Fomen* factor also now appears sustained. Plaintiff more specifically alleges damages against AVR, which include nearly $100,000 for her personal property, including but not limited to AVR's alleged "spread[ing of] tar throughout her home, including on her walls, floors, trim, contents, furniture, and appliances." *See* Rec. Doc. 42-2 at 2. Coupling her property damages with an action under the Louisiana Unfair Trade Practices and Consumer Protection Law, plaintiff now asserts a claim exceeding $130,000 against AVR. *Id.* Further, this claim distinguishes the amount asserted against Ocean Harbor, while maintaining allegations against the previously named defendant that also exceed the jurisdictional amount. In sum, plaintiff now answers Judge Currault's warning against threadbare and conclusory

5

allegations: "Without a clear, supportable assertion of more than $75,000.00 in controversy between the plaintiff and AVR, the court has no basis to exercise its subject matter jurisdiction over the new defendant." Rec. Doc. 19 at 6. Amendment of the complaint is proper.

New Orleans, Louisiana, this 16th day of May, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE